## SUPERIOR COURT

Alice Drowne
vs.                  No.45637
Nicola Siravo
RESCRIPT
January 17, 1925

SUMNER, J. Plaintiff has brought suit to recover damages for the negligence of defendant in allowing his car to collide with the car in which the plaintiff was riding and so causing injury to the plaintiff. The jury brought in a verdict for the defendant and plaintiff has filed a petition for a new trial.

Plaintiff testified that she was riding in an automobile driven by one Raymond Watts on Broad street in the City of Providence, going southerly; that as the Watts car approached Corinth street it swung slightly to its left to avoid a truck coming from the west; that the Watts car then turned to the right again and at that moment the Siravo car struck the left side of the Watts car in a head-on collision; that as a result of the collision the Watts car was pushed near the curb on the west side of Broad street and that the plaintiff, seriously injured, was assisted across the sidewalk and taken temporarily into the telephone building. Plaintiff claimed that the car in which she was riding was well to the right of the centre of the highway when struck and her testimony is corroborated by a Mrs. Ironsides and Miss Gibbons, employees of the Telephone Company, who saw the collision and who assisted her out of the car. A Mr. Knowlton testified that he arrived shortly after the accident, when the cars were still together, and that the Watts car was then very near the sidewalk on its right. Mr. Drowne, the husband of the plaintiff, testified to arriving shortly after the collision and finding the two cars in juxtaposition near the westerly curb and also described some marks made on the surface of the road, which he traced to one of the wheels of the defendant's car. These marks were to the west of the center of the road. Plaintiff is also corroborated by the testimony of the driver of the car, Raymond Watts, who testified that he had passed the truck and gotten onto the westerly car track when the defendant struck his car; that he had seen the defendant coming rapidly along the center of the road several hundred feet away; that as the defendant approached him, the defendant's car slewed to its left and ran into him; that at that time his (Watt's) front wheels were within seven or eight feet of the westerly curb and his left wheels were in the center of the westerly car track.

The defendant testified that on the day in question there was a car strike and he was driving a jitney for the first time, with seven passengers; that he saw the truck come out of Corinth

street and turned his car to his left some two feet to avoid the watering trough, which was in the center of Broad street, and the truck, and all of a sudden the Watts car appeared in front of him. He claims that he was to the east of the northerly bound rails on Broad street.

The defendant's story was corroborated by that of Police Officer Dann, who testified that the defendant's car was on the northerly bound track, which would bring it to his right of the center of the road; but on cross-examination, Dann admitted that he might have testified differently at the last trial of the case, and practically destroyed the effect of that testimony.

The testimony greatly preponderates in favor of the contention of the plaintiff and defendant's explanation of the accident was not convincing, especially his statement that he had turned to the left to avoid the watering trough, which a civil engineer testified was only about two and a half feet in Broad street on the easterly side. It is probable that he did turn to the left to avoid the truck but was going so fast that he could not control his car.

Plaintiff's motion for a new trial is granted.

For Plaintiff: Hinckley, Allen, Tillinghast & Phillips.

For Defendant: Cooney & Cooney.